## BAILEY et al. *vs.* HULL.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard April 23.]                    [Decided June 4, 1860.

### *Lien.*

The 12th section of the act concerning the lien of mechanics and others, which provides that "any person performing manual labor *upon any land,* timber or lumber," shall be entitled to a lien thereon, to be enforced according to the provisions of this act," was certainly designed to include all labor done directly upon the land, for the purpose of preparing it for use, and will include the making of fences on the land, and an action may be maintained therefor.

A party having a mechanics' lien upon land, does not waive the same by taking a note for the amount, unless the time of payment is extended beyond the year in which he is required to commence his action.

A party having a mechanics' lien upon land, may contract by note for the payment of the debt, and fix the rate of interest, as in other contracts.

A judgment entered under the act concerning the lien of mechanics, must order the land to be sold upon execution, as in ordinary cases.

This was an action brought by the plaintiffs, to enforce a mechanics' lien, claimed by them upon certain real estate of the defendant. The petition for the lien and the complaint alleged that the plaintiffs performed labor and furnished materials in the erection of an iron fence, on certain lots of the defendant in the city of Milwaukee, on which the defendant's dwelling house was situated, pursuant to a contract made with him, the same being finished October 3, 1857; that there was a balance of $305 unpaid at that date, for the work and materials, on which the defendant promised to pay interest at ten per cent. until paid; that on the 5th of that month, the defendant, in acknowledgement of the indebtedness to the plaintiffs, and to secure the same, gave them his two promissory notes, one at sixty days from that date, the other being taken up and a new note given in lieu of it by the defendant, January 25, 1858; that both notes are unpaid and unsecured, and are in the plaintiffs' possession, ready to be canceled. The complaint claimed judgment for $305, and interest at

Vol. XI.                    19

ten per cent. from Oct. 3, 1857, and that the real estate described might be sold to pay the same.

No answer was served, and judgment was taken October 30, 1858. The judgment was in favor of the plaintiffs, against the defendant, for the amount found due, including interest at ten per cent.; for a lien upon the premises described in the complaint, to that amount, to secure the payment thereof; and ordering the sale of the premises, to make the amount of the judgment.

1859—May 7.   The defendant filed an affidavit, showing that the premises described in the complaint were advertised for sale by the sheriff, by virtue of the above judgment, without execution, issued other than a certified copy of the judgment. He moved that the sale be stayed perpetually, except upon execution to be issued.   Also, that the judgment be vacated or modified, by striking out all that part authorizing the sale of specific real property.   This motion was argued and decided by the following order:

Ordered, that so much of the motion and order to show cause, heretofore made, as relates to the modification of the judgment, by striking out all that part thereof which describes particular real estate, be and is denied and discharged.   And further ordered, that no sale under the judgment be made, without the issuing of an execution.

The plaintiffs appealed from the last clause of this order, and the defendant appealed from the remainder, and from the judgment.

*Waldo & Ody*, for the plaintiffs.

*Smith & Salomon*, for the defendant.


*By the Court*, PAINE, J.   The principal question presented by this appeal is whether a party is entitled to a lien for building a fence.   We think it clear that he would not be, if in order to sustain the lien, it was necessary to hold that a fence was a " building," within the meaning of that word, as used in chap. 153, R. S., 1858, concerning the lien of mechanic's and others.   We had occasion to place a construction upon that word, in the case of the *LaCrosse and Milwaukee Railroad Co. vs. Vanderpool et al., supra*, 119, decided at this

term, where we held that it did not include bridges, fences, and other erections of a similar character.

But section 12 provides that "any person performing manual labor *upon any land*, timber or lumber," shall be entitled to a lien thereon, to be enforced according to the provisions of that chapter. The words "work done on land," are somewhat indefinite in their character, and it might be a matter of some difficulty to determine accurately all the kinds of labor for which they would give a lien. But without attempting to decide whether they have any further extent, we think they were certainly designed to include all labor done directly upon the land, for the purpose of preparing it for use as such. And fencing would seem to fall within this class. It is done upon the land, the fence becomes appurtenant to the land, and its object is to enable the land to be used or occupied as such. We think, therefore, that under this section, the plaintiffs were entitled to a lien.

We think, also, it was not waived by taking a note, the time of the payment not being extended beyond the year in which the party was required to commence his action. There have been authorities, we are aware, which have held the contrary; but we think the weight of authority is decidedly, in favor of the position, that the taking of a note which does not extend the credit beyond the time in which the party is required to sue, to maintain his lien, is not a waiver of it, and we can see no substantial reason why it should be.

The interest was properly included. The law provides a lien for the debt, and interest is an incident to the debt. It is true that in the absence of any agreement by the parties, the law would have fixed it at seven per cent. But the same law allows the parties by agreement to fix it at a higher rate not exceeding twelve. And having fixed it, the interest at such higher rate follows the debt, just as the legal rate would in the absence of an agreement. We think therefore that the

Bailey vs. Hull.

judge properly denied that part of the defendant's motion, which asked that the judgment might be modified, by striking out all that part that described particular real estate.

The only remaining question is as to that part of the order forbidding a sale without the issuing of an execution. It is true that a sale of property against which a specific lien is adjudged under this law is more analagous to a sale on foreclosures than it is to an ordinary sale on an execution issued against the property generally. And it might be more consistent if the statute should provide for a similar proceeding. But it has not done so. On the contrary it provides expressly in sec. 9, that " execution may issue and be levied upon the premises subject to such lien, and sale thereof be made in the manner prescribed by law in ordinary cases." This seems to place it on a similar footing with a sale on execution upon a judgment where real estate has been attached. Section 59, chap. 131, provides that in the latter case, the execution " may among other things, direct a sale of the interest of the defendant in the property at the time the lien accrued," which time should be specified in the judgment. It is true there is no express provision of the statute for the insertion of such a direction. But it does provide that the sale may be on execution, and the very nature and object of the proceeding would seem to imply an authority to adapt the execution to the end provided for.

Without saying therefore, what would be the effect of a sale upon a certified copy of the judgment in such a case, without the issuing of any execution, in the absence of any order to the contrary by the court below, we certainly cannot in the face of this statute say that the court below erred in directing the sale to be on execution issued. We must therefore affirm the entire order, without costs.