SCHUMACHER, Appellant, vs. SEEGER, Respondent.

*February 8 — February 23, 1886.*

*Pleading: Setoff: Counterclaim: Demurrer.*

A setoff should be pleaded as a counterclaim (sec. 4264, R. S.); and a counterclaim alleging facts which constitute a valid setoff, but do not constitute a cause of action against the plaintiff, is not demurrable although it demands an affirmative judgment.

APPEAL from the County Court of *Milwaukee* County.

Action to recover the amount of a debt alleged to have been owing by the defendant to one Herman Wussow and to have been by him assigned to the plaintiff.

The answer admits the original debt but alleges "that there was to be deducted therefrom the sum of $18 hereinafter mentioned." It also denies the assignment to the plaintiff; alleges that such assignment, if made, was colorable only; and alleges that as garnishee of Wussow the defendant had been compelled to pay the full amount of the indebtedness to a creditor of Wussow, and that thereby the indebtedness to Wussow had been discharged. "For a further and separate defense and by way of counterclaim," the answer alleges that in June, 1883, the defendant loaned to Wussow $11, which he was to repay on demand, and that no part thereof has been paid; that in March, 1883, Wussow became indebted to the defendant for board in the sum of $7, no part of which has been paid; and that the defendant had valid counterclaims against Wussow for said sums at the time of the pretended assignment to plaintiff of the claim in suit. Judgment is demanded against the plaintiff for $18 and costs.

The plaintiff demurred to the counterclaim on the grounds (1) that it did not state facts sufficient to constitute a cause of action against the plaintiff; (2) that the cause of action stated is not pleadable as a counterclaim in this action, be-

cause it is in favor of the defendant against Wussow and not against this plaintiff; (3) that there is a defect of parties defendant to the cause of action stated in the counterclaim, in that such cause of action exists, if at all, against Wussow and not against this plaintiff.

From an order overruling the demurrer the plaintiff appealed.

The cause was submitted for the appellant on the brief of *F. P. Hopkins,* and for the respondent on that of *Wallber & Schram.*

For the appellant it was contended, *inter alia,* that a counterclaim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. *Lawrence v. Vilas,* 20 Wis. 390; *Vassear v. Livingston,* 13 N. Y. 248; 1 Field's Lawyers' Briefs, 94, sec. 96; *Matteson v. Ellsworth,* 28 Wis. 256; *Resch v. Senn,* 31 id. 138. A demurrer lies to an answer setting up facts by way of counterclaim, when it appears on the face of the answer that the facts so alleged do not constitute a proper counterclaim. *Dietrich v. Koch,* 35 Wis. 618. Taking into consideration the distinctions made between defenses and counterclaims in the cases above cited and in secs. 2655–2662, 4258, 4263, R. S., it is evident that it was intended by sec. 4264, R. S., that a setoff should be pleaded as a counterclaim only when it is greater in amount than the plaintiff's claim.

COLE, C. J. The defendant's counsel admit that the matters set up in the answer as counterclaims are not properly pleadable as such; but their contention is that though these matters are pleaded as a "defense, and by way of counterclaim," still they are available as a setoff to the plaintiff's cause of action, therefore the demurrer to them was properly overruled. We think this view is correct. These were proper matters of setoff. About this there can be no doubt.

The first claim is that the defendant, in June, 1883, loaned to Wussow (the plaintiff's assignor) $11, which Wussow agreed to return on demand, but which has never been paid. The other claim is that Wussow became indebted to the defendant in March, 1883, for board furnished, in the sum of seven dollars. According to the complaint Wussow assigned to the plaintiff his debt against the defendant in April, 1884. So these matters could be legally set off against the plaintiff's demand. Subd. 5, sec. 4258, and sec. 4264, R. S. They were demands existing against the plaintiff's assignor at the time of the assignment of the debt, and could have been set off in an action brought by such assignor. Sec. 4264 provides: "In actions in courts of record, a setoff claimed by the defendant shall be pleaded as a counterclaim, and regulated by the rules of pleading and practice applicable to counterclaims. When a counterclaim is upon a cause of action derived by assignment, a setoff of a demand against the assignor, and a setoff which in any case may be made to a counterclaim, shall be pleaded by reply as a defense." This provision clearly authorizes a setoff to be pleaded as a counterclaim, and this court has so decided in *Lawrence v. Vilas*, 20 Wis. 382. In that case DIXON, C. J., when considering this question, said: "We are all of opinion that a matter pleaded as a counterclaim may be sustained as a setoff, if established by proper evidence at the trial. The facts constituting the setoff being stated in the answer, the demand of the defendant for judgment as upon a counterclaim may be rejected, or the court may order an amendment." Page 388. It is true in this case the defendant demands judgment for the amount of his counterclaim, while no such relief could be given (sec. 4263, R. S.); but this does not vitiate the pleading, or render it subject to a demurrer. The defendant had in a previous part of the answer alleged that $18 was to be deducted from the plaintiff's claim. If this were the same demand as that subsequently set up as a

counterclaim, as it probably was, the pleading was double or redundant, and could have been corrected on motion to strike out. That was the proper remedy, and not the one resorted to. It follows from these views that the order of the county court must be affirmed.

*By the Court.*— Order affirmed.