Bennett vs. Keehn, imp.

See note to this case in 29 N. W. Rep. 895.— REP.

BENNETT, Respondent, vs. KEEHN, imp., Appellant.

*October 15 — November 3, 1886.*

*(1) Appeal to S. C.: Computation of time. (2) Conveyance of incumbered lands: Covenants: Knowledge of incumbrances. (3) Right of grantee to defend against mortgage.*

1. In computing the time within which an appeal may be taken, the day on which the judgment was entered should be excluded.
2. Mere knowledge on the part of the grantee of an existing incumbrance upon or defect in the title to the estate granted, will not relieve the grantor from liability upon his covenants, except perhaps in the case of a known existing highway upon the granted premises.
3. The fact that, in a conveyance of mortgaged land with full covenants, the mortgage is excepted from the covenant against incumbrances, does not show that the grantee took the land subject to the mortgage, or prevent him from making any defense to the mortgage which the mortgagor might have made.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are sufficiently stated in the opinions. A motion to dismiss the appeal was made by the respondent and argued August 31, 1886.

Bennett vs. Keehn, imp.

*E. P. Smith*, for the motion.

*J. C. McKenney*, *contra*.

The following opinion was filed September 21, 1886:

By THE COURT. The judgment from which the appeal herein was taken, was entered May 10, 1884, and the appeal was perfected May 10, 1886. The respondent now moves that the appeal be dismissed for the alleged reason that it was not taken within two years from the date of the entry of judgment, as required by statute. R. S. sec. 3039. The question is whether, in computing the time in which an appeal may be taken, the day the judgment was entered shall be excluded or included. If it be excluded, this appeal was taken in time; otherwise not. The question is not an open one in this court. In *Supervisors of Milwaukee Co. v. Pabst*, 64 Wis. 244, it was held that an appeal perfected June 15, 1885, from a judgment entered June 15, 1883, was in time. This ruling accords with the spirit of chapter 194, Laws of 1879, if not within the letter of that statute. Were the question now presented for the first time, we should not hesitate to hold that the day of the entry of judgment should be excluded, and hence that this appeal was taken in time.

Motion denied, with $10 costs and clerk's fees.

After the decision of the motion the cause was argued upon the merits of the appeal, October 15, 1886.

*J. C. McKenney*, for the appellant.

For the respondent there was a brief by *Rogers & Mann* and *E. P. Smith*, and oral argument by *B. K. Miller, Jr.* To the point that when land is conveyed subject to a mortgage, the grantee obtains but the equity of redemption and cannot contest the validity of the mortgage lien, they cited *Jumel v. Jumel*, 7 Paige, 591; *Sands v. Church*, 6 N. Y.

347; *Hartley v. Harrison,* 24 id. 170; *Freeman v. Auld,* 44 id. 50; *Pardee v. Treat,* 82 id. 387; *Zabriskie v. Salter,* 80 id. 555; *Hopkins v. Wolley,* 81 id. 77; *Bowne v. Lynde,* 91 id. 92; *Fairfield v. McArthur,* 15 Gray, 526; *Strong v. Converse,* 8 Allen, 557; *Foster v. Wightman,* 123 Mass. 100; *Johnson v. Thompson,* 129 id. 398; *Cleveland v. Southard,* 25 Wis. 479; *Pomeroy v. C. & M. R. Co.* id. 643; *Weber v. Zeimet,* 30 id. 287–8; 1 Jones on Mortg. sec. 744; 2 id. secs. 1313, 1807; Warvelle on Abstracts, 213.

The following opinion was filed November 3, 1886:

TAYLOR, J. This is an action to foreclose a mortgage given by one Emma A. Hewitt to one Callie McDonald, April 1, 1881, upon lands situate in the city of Milwaukee, to secure the payment of $1,400 and the interest thereon. The plaintiff became the owner of the mortgage and the debt secured thereby, by assignment from said mortgagee, on the 4th day of May, 1881. The appellant became the owner of the mortgaged premises, or the greater part thereof, by the following conveyances: December 7, 1881, Emma A. Hewitt and Charles L. Hewitt, her husband, by warranty deed, conveyed said mortgaged lands to George and Belle Far; and George and Belle Far conveyed said lands to the appellant, by warranty deed, January 13, 1882. Said deeds were duly recorded in the office of the register of deeds for Milwaukee county.

The answer of the defendant *Jenny M. Keehn* sets up, as a defense to the action, facts showing that the mortgage, and the note to secure the payment of which the mortgage was given, were obtained from the said Emma A. Hewitt by fraud and deceit; and charges that, by reason of the fraud and deceit so perpetrated upon the said Emma A. Hewitt, the said note and mortgage are void in law; and she also charges that the present owner and holder of the

note and mortgage took the same with full knowledge of the fraud perpetrated in its inception upon the said Emma A. Hewitt.

To the answer of the appellant the plaintiff demurred, and the county court sustained the demurrer. From the order sustaining the demurrer she appealed to this court, and such order was reversed. See 57 Wis. 582. The cause was remitted to the county court, and was removed from that court to the circuit court of Milwaukee county, where the same was tried upon the issue made by the answer of the appellant, and the court rendered judgment against the appellant and in favor of the respondent.

Upon such trial the learned circuit judge made no findings upon the question of the alleged fraud practiced upon the said Emma A. Hewitt in order to induce her to execute said mortgage, but found as facts the following: "(8) That Emma A. Hewitt and Charles L. Hewitt, her husband, duly made, executed, and delivered to George and Belle Far, a warranty deed of the several lots and parcels of land described in the complaint herein, on December 7, 1881, and covenanted therein that the same were free and clear from all incumbrances, except a mortgage thereon for $1,400, which I find to have been the mortgage aforesaid, as admitted by the parties on the trial herein. (9) That said George and Belle Far accepted said deed with full knowledge of said mortgage and the amount due thereon, and subject to the payment thereof. (10) That on January 13, 1882, said George and Belle Far duly conveyed their title in and to said lots and lands described aforesaid in their said deed and in the complaint herein, to the defendant *Jenny M. Keehn*. (11) That said *Jenny M. Keehn* took and accepted said deed with full knowledge of said mortgage and the amount due thereon, and subject to the same."

Upon the trial, after giving some evidence in support of

her answer, the appellant offered in evidence the warranty deed from Emma A. Hewitt and her husband to George Far and his wife, dated 7th of December, 1881, and recorded January 17, 1882; and a warranty deed from Far and wife to the appellant for the consideration of $5,000, bearing date January 13, 1882, and recorded January 17, 1882. After these deeds were offered in evidence, the learned circuit judge refused to hear further evidence on the part of the appellant, offered by her for the purpose of establishing the fraud charged in her answer.

The learned circuit judge held that, by virtue of the deeds from Mrs. Hewitt to Far and wife, and from Far and wife to the defendant, she must be conclusively held to have taken the title to said mortgaged property subject to said mortgage and the payment thereof, and that she could not, therefore, be permitted to show that the mortgage was in fact void for fraud. The decision of the learned circuit judge is based solely on the language of the deed from Mrs. Hewitt and her husband to Far and wife. The consideration mentioned in the deed is $5,000. The deed is in the usual form of a warranty deed down to and including the *habendum* clause. It then proceeds as follows: " And the said Charles L. Hewitt, and Emma, his wife, for themselves, their heirs, executors, and administrators, do covenant, grant, bargain, and agree to and with the said party of the second part, their heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seized of the premises above described, as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in the law, in fee simple; and that the same are free and clear from all incumbrances whatever, *except a mortgage of fourteen hundred dollars* ($1,400), and that the above bargained premises, in the quiet and peaceable possession of the said party of the second part, their heirs and assigns, against all and every person or persons lawfully claiming the whole, or any part

thereof, they will forever warrant and defend. In witness," etc. The deed from Far and wife to the appellant was a like warranty deed, but not containing the words, "except a mortgage of fourteen hundred dollars ($1,400)."

The learned circuit judge held that because the deed from Mrs. Hewitt and her husband contained the exception in the covenant against incumbrances in the language above stated, it conclusively proved two facts: *First,* that the grantees at the time of the acceptance of such deed accepted the same with full knowledge of the existence of the mortgage sought to be foreclosed in this action; and, *second,* that they took the estate granted subject to such mortgage, and consequently that they cannot make any lawful defense to its foreclosure. The effect the learned circuit judge gives to the deed is that, as to this mortgage, the deed to them is a mere conveyance of the equity of redemption, and that such grantees could convey no greater estate or rights to the appellant in this action than they had themselves; such rights being apparent upon the record when they conveyed to the appellant.

If the learned circuit judge is right in his construction of the deed from Mrs. Hewitt and her husband to Far and wife, then we think his refusal to hear the evidence of the appellant upon the fraudulent character of such mortgage was also correct. If the appellant only obtained the equity of redemption in the lands by his deed, then she can have no legal standing to contest the validity of the mortgage subject to which the estate was conveyed to her. This was, we think, determined by this court on the former appeal in this case. See, also, the following cases: *Tuite v. Stevens,* 98 Mass. 305; *Johnson v. Thompson,* 129 Mass. 398. It was also determined on that appeal that if the appellant did not take the estate subject to the mortgage, and there was no agreement on her part, or on the part of her immediate grantors, to pay the mortgage, or the amount of the mort-

gage was not deducted from the purchase money, then she could defend against such mortgage. These questions were fully discussed on the former appeal in this case, and were determined as above stated, and they are not only *res adjudicata* in this case, but we are satisfied with that decision, and believe it is sustained upon principle and authority.

The allegations in the answer of the appellant as to her title are set out in the report of the case in 57 Wis. 585. After stating, generally, that she owned all the lots in controversy except one, by warranty deeds from Mrs. Hewitt and her husband to Far and wife, and by like deed from Far and wife to her, in the usual form of such deeds, she further alleges " that she never promised, covenanted, or agreed, in any manner or form whatsoever, to assume the payment of said mortgage debt, nor did she receive said conveyance to her of said real estate subject to said mortgage; and, as she is informed and believes, her grantors, the said Far and wife, in no manner bound themselves to pay said mortgage debt," etc. On page 595, Justice LYON, in speaking for the court, says: " If the conveyance of the mortgaged premises is not expressed to be subject to the mortgage, but by its terms purports to convey the whole title, if the grantee does not assume the payment of the mortgage debt, and the amount thereof is not deducted from the purchase money, the grantee does not take his title subject to the mortgage in that sense which prevents him from defending against it for ·fraud or want of consideration; and this is especially true if the conveyance contains full covenants of warranty."

It will be seen by the examination of the bill of exceptions on the present appeal, that, when the learned circuit judge refused to hear any further proof on the part of the appellant in regard to the fraudulent nature of the mortgage, the only evidence then before him which can be claimed as in any way tending to show a different state of facts than

those set up in her answer and which were passed upon by this court in overruling the demurrer thereto, was what appeared upon the face of the deed from Mrs. Hewitt and husband to Far and wife. Does the fact that it appears on the face of such deed that in the covenant against incumbrances this mortgage is excepted in the language above stated, prove conclusively that the grantees therein named took the title subject to said mortgage, or that they in any way agreed to pay or assumed the payment of the same, or that the amount of such mortgage was deducted from the purchase money? The learned circuit judge has not found that either the grantees in the Hewitt deed or the appellant ever agreed to pay said mortgage, or assumed the payment thereof. The only question, therefore, is whether, by reason of said exception, the grantees took the estate subject to the mortgage and the payment thereof out of the lands granted.

If the appellant took her title subject to said mortgage, then, if she were ousted from the possession of the granted premises by one claiming under and through such mortgage, she would have no right of action against the grantors in the Hewitt deed, as she could have no greater rights as against them than the grantees named therein. If the construction given to the deed by the learned circuit judge is correct, then no action could be maintained against said grantors for such eviction. If an action for such eviction could be maintained by the appellant against said grantors, notwithstanding the exception in the covenant against incumbrances, then it is clear the construction given to the deed by the learned circuit judge is not the true construction. The authorities upon this point are clearly against the construction put upon the deed by the the learned circuit court. In the first place, it may be safely stated that a mere knowledge of an existing incumbrance upon or defect in the title to the estate granted, will not relieve the

grantor from liability upon the covenants against incumbrances, or of seizin, or covenants for quiet enjoyment. The only exception to this rule, if there be any, is the one in favor of known existing highways upon the granted premises. The exception in the deed in question, in the covenant against incumbrances, is undoubtedly notice to the grantee of the existence of such mortgage. It also prevents the grantee from maintaining an action upon the covenant against incumbrances, basing such action upon the mortgage so excepted from the covenant, and it seems to us that is all the benefit the grantors can claim on account of such exception in the covenant. The following cases sustain the rule as above stated: *Estabrook v. Smith*, 6 Gray, 572, 577; *Calkins v. Copley*, 29 Minn. 471; *Sumner v. Williams*, 8 Mass. 162, 202, 214; *Donahoe v. Emery*, 9 Met. 63; *Howell v. Richards*, 11 East, 633; *Smith v. Compton*, 3 Barn. & Adol. 189; *Norman v. Foster*, 1 Mod. 101; *Peters v. Grubb*, 21 Pa. St. 460; *Duvall v. Craig*, 2 Wheat. 45, 58; *Dickinson v. Hoome*, 1 Grat. 302; *S. C.* 8 Grat. 358; *Barton v. Fitzgerald*, 15 East, 546; *Cornell v. Jackson*, 3 Cush. 506; Rawle on Cov. (4th ed.), 498 *et seq.; Stannard v. Forbes*, 6 Adol. & E. 572; *Kean v. Strong*, 9 Ir. Law, 74, 81, 82.

The case in 6 Gray was an action upon the covenants in a deed. The covenant in the deed upon which the action was brought was in all respects like the covenant in the deed of Mrs. Hewitt and husband. In the covenant against incumbrances there was the following exception: "Except a mortgage to Spencer Field for $368.85." This covenant was followed by a covenant that the grantors had good right to sell and convey the property, and also a general covenant to warrant and defend the premises to the grantee, his heirs and assigns, forever, against all the lawful claims and demands of all persons. On the trial the evidence showed an eviction of the grantee by the mortgagee, and it was held

that the plaintiff was entitled to recover.  In the opinion the court say: "The defendant insists that the exception of the mortgage in the covenant against incumbrances extends to the covenant of warranty, so that the plaintiff's claim is exempted from the latter covenant against the lawful claims of all persons, just as it would have been if to that covenant, as it stands in the deed, had been added the words, 'except against those claiming under the mortgage above named.'"  Further on the court say: "We need do no more than state the ground of the opinion which we have formed, that the defendant's covenant of warranty is not restricted nor limited by his restricted covenant against incumbrances.  That ground is that the two covenants are not connected covenants of the same import and directed to one and the same object."  After referring to the case in 8 Mass. and the English cases above cited, and quoting at considerable length from the opinion of Lord ELLENBOROUGH in the case of *Howell v. Richards, supra,* the opinion continues: "So, in the case at bar, the defendant might well covenant to warrant against the eviction of plaintiff by the holder of the mortgage, though he could not covenant against all incumbrances without rendering himself forthwith liable to an action for nominal damages at least for a breach of such covenant; and by the terms of his deed he has covenanted against the eviction to which the plaintiff has been subjected.  If, as the defendant offered to prove at the trial, the plaintiff agreed to take the premises subject to said mortgage, then the agreement should have appeared in some way in the deed or in some other written instrument.  It was as easy to except the claim in the outstanding mortgage from the covenant of warranty as from the covenant against incumbrances, if such was the understanding of the parties."  This case states the argument against the construction given to the deed in the case at bar by the learned circuit judge, in a brief, clear, and to us

very satisfactory, manner, and it is sustained by the reasoning in the other cases above cited.

The case in Minnesota had the same exception in a mortgage in a covenant against incumbrances. The mortgage was afterwards foreclosed, and the purchaser at the mortgage sale brought ejectment against the grantee in the deed in which the mortgage was excepted in the covenant against incumbrances. I judge from the case that the plaintiff in his complaint set out his title specifically, and showed that the mortgage excepted had been given by an agent of the owner under a power of attorney which only authorized the agent to sell the premises. The defendant demurred to the complaint, and the court sustained the demurrer. It was, in fact, the same case in principle as the one in 6 Gray. The question was simply, in both cases, whether the grantee in the deed took the premises subject to the mortgage, and in both cases it was held he did not.

In the case of *Duvall v. Craig*, in the supreme court of the United States, which was an action upon a covenant in a deed, the grantors in the deed had first covenanted against incumbrances done or suffered to be done on the premises by the grantors. This covenant was followed by another covenant of warranty against all persons whatsoever, with a condition in this warranty that the grantors would " defend with this warranty and no other, to wit, that if the said land, or any part thereof, shall at any time be taken by a prior legal claim or claims, that then, and in such case, they [the grantors] and their heirs shall make good to the said grantee and his heirs, such part or parts so lost, by supplying to his, the said William Duvall's use, other lands in fee, of equal quantity and quality, to be adjudged of two or more honest men," etc. In this deed two of the grantors were trustees of the other two, and the action was brought against one of the grantors who signed the deed in his own right, and against two who executed as trustees,

for a breach of the first covenant in the deed, setting out facts showing that the grantee had lost some of the estate by a previous act of one of the grantors, and demanded a personal judgment for the value, in money, of the estate lost. One of the questions argued in the supreme court was whether, by reason of the condition attached to the general covenant of warranty, the plaintiff was not restricted in his right, and could only be indemnified for his loss in other lands of equal value, as stipulated in the condition following the last covenant; and it was strongly urged that this restricted covenant should especially apply to the defendants who executed the deed as trustees. Justice STORY, who delivered the opinion of the court, after having declared that the trustees must be held liable on the personal covenant, though executing the deed as trustees, says: "It is contended that the two covenants in the deed are so knit together that they are to be construed in connection, so that the clause as to an indemnity with other lands in case of an eviction by a prior legal claim, is to be applied as a restriction to both covenants; and, if so, then the action cannot be sustained, for the declaration does not allege any eviction or any demand or refusal to indemnify with other lands. It is not unreasonable to suppose that, when the parties had provided a special indemnity for a prior claim, they might mean to apply the same indemnity to all other cases enumerated in the first covenant. But something more than the mere reasonableness of such a supposition must exist to authorize a court to adopt such a construction. The covenants stand distinct in the deeds, and there is no incongruity or repugnance in considering them as independent of each other. The first covenant being only against the acts and incumbrances under the parties to the deed, which they could not but know, they might be willing to become responsible to secure its performance by a pecuniary indemnity; the second including a warranty

against the prior claims of strangers also, of which the parties might be ignorant, they might well stipulate for an indemnity only in lands of an equivalent value. The case ought to be a very strong one which would authorize a court to create, by implication, a restriction which the order of the language does not necessarily import or justify. It ought to be one in which no judicial doubt could exist of the real intention of the parties to create such a restriction. It cannot be pronounced that such is the present case, and this objection to the declaration cannot be sustained."

I have quoted thus fully from the learned justice because it presents, in a clear and forcible manner, the argument of all the courts upon the question as to what effect should be given to a limitation or restriction in an independent covenant in a deed, upon other independent covenants in the same deed. The rule stated by the learned justice is sustained by all the cases above cited, and we see no reason for establishing a different rule in this state. It is evident that a grantor might be entirely willing to enter into a covenant of general warranty to defend the title and the possession of his grantee against the claims of all persons, and still, as a matter of prudence, refuse to covenant against an apparent incumbrance on the land. The case at bar is a case in point. The grantor had given a mortgage upon the premises. After giving the same, she claims she had been defrauded by the mortgagee, and that a court of equity would, upon her application, declare the mortgage void. Her necessities, however, compel her to sell the lands before she has tested her right to have the mortgage avoided; and consequently in selling the land she might be willing to take the risk of warranting the title she conveys to the vendee, but, as the mortgage is of record and an apparent incumbrance, she might not be willing to subject herself to an action for a breach of the covenant against incum-

brances before she can have time to contest her rights with the mortgagee, either by a direct action or as defense to an action to enforce its collection out of the lands.

We are very clear that the exception of the mortgage in the covenant against incumbrances, standing alone, does not furnish sufficient evidence upon which to base a finding of fact that the grantee in the deed took the title subject to the mortgage so excepted; and that the learned circuit judge erred in so finding, and in excluding the evidence offered by the appellant to sustain her answer.

The case of *Morrison v. Berry*, 38 Iowa, 73, cited by the learned counsel for the respondent, is not in conflict with the authorities above cited in this opinion, or with the ruling of this court. In that case, the exception of the mortgage followed all the covenants, and it was therefore held that the exception was a limitation upon the precedent covenants. The covenants were " that the grantor was seized of the premises; that they were free and clear of all incumbrances; that he had good right to sell; and that he would warrant and defend the premises against the lawful claims of all persons whomsoever, except a mortgage for $800 to Charles H. Buryhill." This exception, following all the covenants, may well be held to restrain and limit all the preceding covenants. The rule is, however, that when the limitation is in a precedent covenant, it does not limit or restrict the subsequent covenants, unless it clearly appears from the whole deed that such was the intention of the parties. We think there is no such clear intention to be found in the deed of Mrs. Hewitt and her husband.

*By the Court.*— The judgment of the circuit court is reversed, and the case is remanded for a new trial.

See note to this case in 30 N. W. Rep. 112.— REP.