Reichert vs. Neuser.

*By the Court.*— Judgment affirmed.

REICHERT, Respondent, vs. NEUSER, imp., Appellant.

*May 23 — June 19, 1896.*

(1) *Deed: Recital: Notice to purchasers: Unrecorded mortgage.* (2) *Withholding mortgage from record to avoid taxation.* (3) *Evidence: Rulings: Presumption on appeal.*

1. Where the covenant against incumbrances in a warranty deed excepts "a certain mortgage for $900," the grantee and subsequent purchasers tracing their title through said deed are chargeable with notice of such mortgage, and their rights are subject thereto, although they were purchasers for value and had no actual notice of the mortgage and it was not recorded until after such deed was executed and delivered, where a reasonably diligent inquiry would have led them to actual knowledge of the facts.

2. The mere fact that a mortgagor withheld a mortgage from record until the assessor had completed his labors for that year, in order to escape taxation thereon, would not prevent him from subsequently enforcing the mortgage against purchasers of the land chargeable with notice of its existence.

3. Objections to evidence offered in an equitable action by the successful party will be presumed, on appeal, to have been overruled, where it does not appear that the trial court made any express ruling thereon, especially if such evidence was essential to the findings made.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This action was for the foreclosure of a mortgage given by Belle Farr to Christina Bensing, to secure the payment of a promissory note for $900 and interest, upon the premises described in the complaint, March 19, 1890, but not recorded until June 24th of the same year. April 8, 1890, the mortgagor, Belle Farr, for a valuable consideration, sold and conveyed the mortgaged premises to Thomas and Isabella Nelson, who, it is claimed, had no notice in fact of the existence of the mortgage, but in the warranty deed to them, at the end of the covenant against incumbrances, there was an exception in these words: "Except a certain mortgage for $900." On May 9, 1890, the Nelsons mortgaged the same premises to the defendant Paul Lachmund for $700, and on the 15th day of May, in the same year, the Nelsons conveyed the same premises to Julia Nelson, and on the 15th day of September, 1890, and after the said mortgage for $900 had been recorded, Julia Nelson conveyed the same premises to the defendant *Henry Neuser*, subject to the mortgage of the defendant Lachmund, which he agreed to pay. At the time of the execution and delivery of said several conveyances to Thomas and Isabella Nelson, to Julia Nelson, and to the defendant *Neuser*, neither of said grantees had any actual notice of the existence of the mortgage to Christina Bensing for $900; and they claimed, respect-

ively, to be purchasers of the said premises, under their said deeds, for a valuable consideration. The defendant *Neuser* set up, by way of answer, that he was a *bona fide* purchaser of the said premises for a valuable consideration, without notice of the mortgage at the time of his purchase. The note and mortgage were produced and offered in evidence, with an assignment of the mortgage to the plaintiff, dated and acknowledged February 23, 1893.

The court, after hearing the evidence, found, in substance, among other things, that the recital in the deed from Belle Farr to Thomas and Isabella Nelson that the premises were "free and clear from all incumbrances whatever, except a certain mortgage for $900," was sufficient constructive notice to put the defendant *Neuser* and his grantors, the Nelsons, upon inquiry as to the existence of the mortgage; that said defendant *Neuser* and his said grantors made no inquiry concerning said mortgage when said premises were conveyed to them, respectively; that his and their rights, respectively, were subject to the said mortgage,— and gave judgment of foreclosure in favor of the plaintiff and against the defendants in the usual form, from which the defendant *Henry Neuser* appealed.

For the appellant there was a brief by *Dalberg & Becher*, and oral argument by *Byron D. Paine* and *S. W. Dalberg*.

For the respondent there was a brief by *La Boule & Hunt*, and oral argument by *F. S. Hunt*.

PINNEY, J. The defendant *Neuser* could trace and make out his title to the premises in question only by and through the deed of conveyance from Belle Farr to Thomas and Isabella Nelson. In this deed it was covenanted that said premises were "free and clear of all incumbrances whatever, except a certain mortgage of $900." It seems to be well settled that, although a purchaser of real estate may be totally ignorant of the recitals in his own deed, yet every

recital of a fact affecting the title to the premises, contained in it, will be presumed to be known to such purchaser, and he will be affected with notice thereof in the same manner and to the same extent as though he had actual notice; and so it is held that notice derived from the recitals in the deed to a purchaser is actual notice, although it rests on a presumption of law. Mr. Wade, in his book on the Law of Notice, thus states the rule, and cites a great number of authorities to sustain it. In many cases where it is sought to charge a purchaser with notice of the recitals contained in instruments affecting the title, other than his own immediate deed, it is characterized as constructive notice or presumptive notice. Wade, Notice, §§ 308, 309. In this state the rule is broadly laid down that, " where a purchaser cannot make out a title but by a deed which leads to another fact, he will be presumed to have knowledge of that fact," and clear and decisive authorities to that effect were cited. *Pringle v. Dunn*, 37 Wis. 450, 466. Accordingly, it was there held that the purchaser must be chargeable with what appeared in his chain of title, and there being a clause in the deed to his grantor, that the premises "are clear and free from all incumbrances, except a mortgage to the La Crosse Railroad Co., which I am to save the said B. harmless from," thus referring to the mortgage as an existing incumbrance, the purchaser could not, in good faith, claim that it was not a lien on his property. The recital is sufficient if the party cannot make out his title to the particular purchase without an instrument which, by its recitals, leads him to the fact of which he is to be charged with notice.

It is objected that the recital in question is not sufficiently specific and certain to operate as notice, within the rule, and does not contain sufficient information to put a man of reasonable prudence upon inquiry leading to the truth, so as to operate as notice. In *Bennett v. Keehn*, 67 Wis. 154, there was a deed with an exception from the covenants, as

in this, " except a mortgage of $1,400," and it was said that this exception in the deed in question, in the covenant against incumbrances, is undoubtedly notice to the grantee of the existence of such mortgage. In *Reed v. Gannon*, 50 N. Y. 345, a covenant by the grantor, in a deed conveying certain property, in which he covenanted to pay off and discharge " any lien, mortgage, or incumbrance, of whatsoever kind or description, existing on the same, within ninety days," was notice to the grantee of incumbrances. And in *Hamilton v. Nutt*, 34 Conn. 501, the deed under which the grantee claimed was made subject to " two mortgages for $2,000," and contained a warranty against all claims " except said mortgages." There were two prior mortgages,— one of $1,500, which was recorded, and of which the grantee had actual knowledge, and one of $2,000, which was not recorded, and of which he had no notice except such as was given in his deed. He had been assured by his grantor that his rights would be subject only to the mortgage of which he had knowledge. He did not read his deed, and was not aware of the clause referred to; and, against the objection that the exceptions were vague and uncertain, it was held that he would be presumed to know the contents of his deed, and that the exceptions were sufficient to put him upon inquiry and charge him with a knowledge of such facts as might have been ascertained by proper inquiry. *Price v. McDonald*, 54 Am. Dec. 657; *Willis v. Gray*, 26 Am. Rep. 328. Inquiry of the grantor in the deed to Thomas and Isabella Nelson, in which the recital in question is contained, would, no doubt, have resulted in the ascertainment of the name of the mortgagee and holder of the mortgage, and all other material facts. Conceding that the defendant *Neuser* and the Nelsons were severally purchasers for value under their respective deeds, and without actual notice of the existence of the mortgage in question, yet the recital contained in the deed through which alone they could trace title to the prem-

ises was notice of the existence of the mortgage, and rendered their rights subject thereto. An inquiry conducted with reasonable diligence would have led them to actual knowledge of the facts.

The fact that the mortgagee, Mrs. Bensing, as appears from the evidence, withheld the mortgage from the record until after the assessor for 1890 had completed his labors, in order that she might escape taxation on account of the mortgage, would not, of itself, prevent her from subsequently enforcing it.

The objection that the transfer of the note and mortgage by her to the plaintiff was not sufficiently proved is untenable. The plaintiff offered in evidence the note and a duly witnessed and acknowledged assignment from her to him of the mortgage. Objection was made to their reception, and it does not appear that the court made any express ruling thereon; but, having found for the plaintiff, it must be assumed upon appeal that the objections made in the circuit court were overruled, especially as the evidence objected to was essential to a finding for the plaintiff.

There are no other questions requiring consideration, and it is clear that there was no error in the judgment appealed from.

*By the Court.*— The judgment of the circuit court is affirmed.