WEST ALLIS LUMBER COMPANY vs. WIESENTHAL, Appellant, and SMITH-BLODGETT COMPANY, Respondent.

*January 11—February 1, 1910.*

*Liens: Notice by subcontractor: Right of owner to setoffs: Pleading: Counterclaim.*

1. Sec. 3315, Stats. (1898), as to stating, in the subcontractor's no-tice, the amount due, is satisfied by such substantial compliance therewith that the person served with notice can readily deter-mine therefrom the correct amount.

2. In an action to enforce a subcontractor's lien, the owner of the building is entitled to the benefit of all deductions from the 'claim which the principal contractor might rightfully insist upon, including damages for failure to properly perform the subcontract.

3. In an action to enforce a subcontractor's lien, damages for non-fulfilment of the subcontract may be claimed by the owner of the building as an offset, and pleaded as such in the form of a . counterclaim.

4. Matter of offset must, in any case, be pleaded as a counterclaim.

5. If facts pleaded as an offset in the form of a counterclaim do not constitute a cause of action in favor of the party pleading them, the pleading is not demurrable for insufficiency though relief to the extent of a judgment in favor of such party is demanded.
    [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Milwau-kee county: W. J. TURNER, Circuit Judge.  *Reversed.*

Action to foreclose a subcontractor's lien under ch. 143 (secs. 3314–3347a), Stats. (1898). With the proprietor (*Wiesenthal*) and the principal contractor (Potter), *Smith-Blodgett Company,* a corporation, was made a defendant upon the ground of its claiming a like lien. The complaint was in the usual form. The defendant lien claimant answered setting up its demand and praying for appropriate relief. The answer was duly served upon all parties concerned.

A subcontractor's notice was served by *Smith-Blodgett Company* for the purpose of complying with sec. 3315, Stats. (1898). In respect to the statutory requirement for such notice to state the amount due the subcontractor from the principal contractor, the writing showed by appropriate words that the subcontractor performed for the principal contractor lienable work and furnished him lienable material in constructing the dwelling house in question of the value of $412.73, referring to an exhibit made part of the notice. Such exhibit contained an itemized statement of $697.73, upon which was credited $285, and a balance brought down of $412.73, opposite the words "Balance due."

The proprietor answered the demand of defendant lien claimant, putting in issue the allegations of its pretended cause of action, and further pleading, in the form of a counterclaim, a setoff to the effect that the subcontractor agreed with the principal contractor to put in the heating plant and do the plumbing work in the building in first-class workmanlike manner, with such material as the contract called for; that in breach thereof it failed to do good work or to use good material or install the heating plant as agreed, rendering the house as completed, of less value than it otherwise would have been, to the extent of $500, for which judgment was demanded against the subcontractor with costs.

The counterclaim was duly replied to.

The court ruled on the trial that the notice was sufficient and that the owner of the building could not counterclaim

against the subcontractor's demand for the damages his creditor might have for failure to carry out the contract.

The court found in favor of the proprietor on plaintiff's cause of action for want of proper service of the notice of lien, but found in favor of *Smith-Blodgett Company* on its claim, and ordered judgment accordingly. The amount of such claim with costs was $298.47, which included the full amount mentioned in the notice less $200 paid after service thereof. The proprietor appealed.

For the appellant the cause was submitted on the briefs of *F. C. Weed.*

For the respondent there was a brief by *Holt & Coombs,* attorneys, and *John J. Cook,* of counsel, and oral argument by *A. N. Coombs.*

MARSHALL, J. The subcontractor's notice to the proprietor did not, with commendable fulness, comply with the requirement of sec. 3315, Stats. (1898), as to stating the amount due from the principal contractor; but it did comply therewith substantially. There was no difficulty in determining therefrom and the statement, made a part of it, the exact amount claimed to be due. That was sufficient. Such compliance satisfied the statute. *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *Chandler L. Co. v. Fehlau,* 137 Wis. 204, 117 N. W. 1057.

The learned circuit court committed fatal error in ruling that the owner of the building could not reduce the claim of the subcontractor by offsetting damages for breach of his contract with the principal contractor, pleaded in the form of a counterclaim. The proposition involved is ruled by the statute itself (sec. 3315, Stats. 1898), and by *Seeman v. Biemann,* 108 Wis. 365, 376, 84 N. W. 490. It was said by the court in the *Seeman Case,* that in an action to enforce a subcontractor's lien under the statutes of this state, the owner of the property affected is entitled to the benefit of all the

West Allis Lumber Co. v. Wiesenthal, 141 Wis. 460.

defenses against the claim possessed by the principal contractor; referring to the statute. The term "defenses" as there used includes all claims by way of setoff which the principal contractor has against the subcontractor. True, the proprietor cannot obtain an affirmative judgment against the subcontractor in the right of the principal contractor, but he can have full benefit of the setoff, which is pleadable as a counterclaim. *Schumacher v. Seeger,* 65 Wis. 394, 27 N. W. 30. The statute expressly so provides:

"In actions in courts of record a setoff claimed by the defendant shall be pleaded as a counterclaim and regulated by the rules of pleading and practice applicable to counterclaims. . . ." Sec. 4264, Stats. (1898).

The learned court overlooked the fact that this court decided in *Seeman v. Biemann, supra,* that the property owner, in a case of this sort, has all the rights of the principal contractor as to such matters as will qualify or defeat the claim of the lien claimant; and further overlooked the fact that matter of setoff is to be treated, in pleading, the same as a counterclaim; and, further, that where the facts constitute a good setoff in favor of the party pleading them, but do not constitute a cause of action in his favor against the complainant, the pleading setting up the setoff in form as a counterclaim, is not demurrable for insufficiency, although it improperly demands an affirmative judgment. *Schumacher v. Seeger, supra.*

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings in respect to the appellant's claim of setoff and for judgment according as the facts in that respect and those heretofore found, may appear.