THIEN, Respondent, vs. BRAND, imp., Appellant.

*February 3—February 22, 1910.*

*Mechanics' liens: Waiver: Giving credit: Setoff: Counterclaim: Appeal: Harmless error.*

1. The giving of credit, by one entitled to a mechanic's lien, for a reasonable time but not to a definite date beyond the period fixed by law for commencing the lien action, does not *per se* waive the lien.

2. In an action to foreclose a mechanic's lien defendant may set off a demand for the amount of plaintiff's board furnished him in the course of the work.

3. The error, if any, in striking out a counterclaim for such demand was not prejudicial where plaintiff recovered only the value of his services over and above the board so furnished, so that the defendant had the full benefit of his demand by way of defense.

APPEAL from a judgment of the circuit court for Washburn county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action to foreclose mechanic's lien. Plaintiff, who was a mill expert, claimed compensation for services in preparing plans for the erection and equipment of a certain mill of the defendant, and also for services as an expert in installing such mill machinery. The defense, as developed by the evidence, so far as material to the contentions upon this appeal, was a denial of any understanding or contract that plaintiff should be paid by defendant for such services; also dispute upon the amount to which he was entitled. Numerous so-called counterclaims were pleaded, but are not material to the present statement of facts. The court found that plaintiff was employed under such circumstances that he was entitled to *quantum meruit* for his services, which amounted to $460, and accordingly rendered judgment for that amount, less the defendant's taxable costs offset against it. From that judgment the defendant appeals.

*A. L. Bugbee,* for the appellant.

*Otto Dorner,* for the respondent.

DODGE, J.   The principal controversy is over the question whether plaintiff performed his services under an understanding that he was to receive no compensation therefor other than his board and the commissions which he might receive from the sellers upon the machinery furnished for the mill.   Also as to the value of those services.   Upon these subjects the evidence is confused and, to say the most for the defendant, is conflicting.   We are unable to say that there is any clear preponderance thereof adverse to the findings made by the trial court.

Another controverted question, not put in issue by the pleadings, was whether the plaintiff gave credit for such services to a date beyond the time .when a mechanic's lien could be asserted under statute, it being contended that by doing so he waived his lien.   The question of law thus raised we shall not deem it necessary to investigate or decide, for we have reached the conclusion that the evidence, though very much in conflict, is so ambiguous and so susceptible of different constructions and inferences that the decision of the trial court that the extension of credit was only for a reasonable time, and not to a definite date later than the period fixed by law for commencing the lien action, is supported by the evidence, and certainly is not in antagonism to any clear preponderance thereof.   Such credit would not *per se* waive the lien.   *Bailey v. Hull,* 11 Wis. 289.

One separate assignment of error is argued for that the court, upon motion, probably in the nature of demurrer *ore tenus,* struck out a counterclaim for the amount of plaintiff's board furnished him in the course of the work.   We find it difficult to understand the theory upon which this was struck out.   Defendant might not be able to recover a judgment therefor, yet, if proved, he would certainly be entitled to present the demand as a setoff.   *Schumacher v. Seeger,* 65 Wis. 394, 27 N. W. 30; *West Allis L. Co. v. Wiesenthal,* 141 Wis. 460, 124 N. W. 498.   However, we think no prejudicial effect can be ascribed to the error, if any, in striking

out the pleading, for defendant himself testified to such an understanding that there would be no liability to pay for such board, but that at most the value thereof should go in compensation for his work. The finding as to the value of plaintiff's services in light of the evidence clearly refers to the value of those services over and above his living expenses while in attendance at the place where the mill was constructed. The defendant has therefore received the benefit of the value of that board by way of defense as fully as if he had been permitted to assert it in the form of either counterclaim or setoff.

*By the Court.*—Judgment affirmed.