MILLER-PIEHL COMPANY, Respondent, vs. MULLEN and wife, imp., Appellants.

*October 10, 1919—January 13, 1920.*

*Mortgages: Mortgagee chargeable with notice of rights of one in possession: Recognition by grantee of lien of mortgage of grantor: Mechanics' liens: Waiver of lien by acceptance of mortgage.*

1. A mortgage of four acres out of a larger tract to a corporation whose predecessor had furnished materials for a building on

such four-acre tract, made by a mortgagor who was out of possession of the four acres and had only record title thereto, having sold to her brother, conveyed no interest in the four acres to the mortgagee, which stood charged with knowledge of the rights of the brother as the real owner in actual possession.

2. A grantee, by accepting with full knowledge and subsequently recording a warranty deed containing the clause "subject to a mortgage," did not thereby so recognize the obligation of the apparent mortgage on the land as to bar him from asserting its invalidity as against his own title in a foreclosure action, such clause not lessening the estate passing to him by the other terms of the deed.

3. Notwithstanding sec. 3317, Stats. 1917, provides that the taking of a note or other evidence of indebtedness shall not destroy a mechanic's lien, by accepting a mortgage securing a promissory note extending the time of payment of the indebtedness to a period beyond which the statute prescribed for the commencement of an action to foreclose the lien, and by including other indebtedness, the lienor waived any subsequent right to assert his lien under the statute, which refers to the taking of a note falling due within the time limited for the commencement of an action to foreclose the lien.

APPEAL from a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Reversed.*

Prior to October, 1914, the defendant Ellen McCormick was the owner of forty-five acres of land in the town of Oneida, Outagamie county, upon which was a mortgage of $2,500.

In October, 1914, her husband, M. L. McCormick, who appears to have managed to a considerable extent her business affairs, commenced the erection of a dwelling upon one corner of said tract of land. Building material was furnished by the predecessor and assignor of the plaintiff company to the extent of $887.96 and used in the completing of said building, the last item of which was furnished on December 9, 1914.

The defendant *C. E. Mullen,* brother of Ellen McCormick, had negotiations with the defendant M. L. McCormick for the purchase from said Ellen McCormick of a

certain tract of four acres out of the forty-five acres, including the one acre upon which stood the newly completed dwelling; and such negotiations were with full knowledge and information regarding the right to a lien on behalf of the plaintiff's assignor for the said building materials. The *Mullens* and McCormicks had had previous transactions and then made a settlement and account stated as to their mutual dealings, and agreed, as a part of such negotiations and settlement, that the defendants McCormick were to convey the said premises by warranty deed to the defendant *Mrs. Mullen.* Possession of the four acres appears to have been given by the McCormicks to the *Mullens* about March 1, 1915, they, the *Mullens,* then moving into the house, and, as it appears from the testimony of *Mullen,* farming and occupying the entire four acres from that time on.

June 15, 1915, a claim for a lien was duly filed for the balance due for the materials furnished, of $887.96, but on the one acre only upon which the house in question stood, and in the following November the proper affidavit for renewal of the lien was filed.

On March 18, 1916, as the result of negotiations between the McCormicks and the plaintiff for the purpose of trying to clear up the title to the forty-five acres and to adjust their differences, a mortgage was executed by Mrs. McCormick securing a promissory note due two years after date for the amount of $1,130, which included the amount due for the materials of $887.96 with interest, together with a smaller balance due on some other transaction between them. Five days later a warranty deed was made by Ellen McCormick to the defendant *Mamie Mullen* of the four acres in the usual form, and further providing that said Ellen McCormick did covenant that at the time of the execution of this deed "she is well seised of the premises above described, as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in the law in fee simple, and that the same are free and clear from all incumbrances

*whatever, subject to a mortgage of $1,130."* The mortgage was recorded March 28, 1916. The deed was delivered in May, 1916, and recorded October 4, 1916.

The statutory period within which an action to foreclose a mechanic's lien for the materials furnished might be commenced expired December 9, 1916. This action to foreclose the mortgage of March 18, 1916, was commenced June 18, 1918.

The court found that the defendants *Mullen* accepted the warranty deed with full knowledge of the subsisting mortgage on said premises and that such mortgage became a valid and subsisting first lien against the four acres, and directed judgment of foreclosure of the same, from which judgment the defendants *Mullen* appeal.

For the appellants there were briefs by *E. C. Smith* of Seymour, attorney, and *Minahan & Minahan* of Green Bay, of counsel, and oral argument by *E. R. Minahan.*

For the respondent there was a brief by *Silverwood, Fontaine & McCreery* of Green Bay, and oral argument by *T. P. Silverwood.*

The following opinion was filed November 4, 1919:

ESCHWEILER, J. It appears without dispute that at the time of the execution of the mortgage of March 18, 1916, foreclosed in this action, the plaintiff's assignor had actual knowledge of the fact that the *Mullens* were in possession of the house and premises included in such mortgage, and in the lien filed in June, 1915, and in the renewal thereof in the following November the defendants *Mullen,* as well as the defendants McCormick, were named as being the owners of said premises.

There is some confusion and uncertainty as to just what was the consideration for the conveyance from the McCormicks of the four acres and as to whether or not the one acre or the four acres had been paid for in full and for a fair consideration at the time the *Mullens* entered into pos-

session and at the time of the execution of the mortgage in question.   The court was specifically requested by appropriate motion, after the findings had been signed, to make a finding to the effect that full and complete consideration had been paid by the *Mullens* to the McCormicks at the time of taking possession in March, 1915, and refused to make such finding.   The findings do determine, however, that negotiations were had for the purchase of the premises by warranty deed and that possession was taken pursuant thereto by the *Mullens*.   It further appears without contradiction that *Mullen* cultivated the entire four acres from the time of taking possession of the house.

There. is no finding and no testimony to the effect that at the time of the negotiations and agreement between the *Mullens* and the McCormicks for the conveyance of the four acres in question the *Mullens* were to assume or undertake to pay either the claim for the materials furnished in the building of the house or the mortgage in question.

The mortgage, therefore, by Mrs. McCormick, then not the real owner and having only the record title and out of possession, conveyed no interest in the real estate to the mortgagee, who stood charged with knowledge of the rights of the *Mullens* as the real owners and in actual visible possession.

It is urged here as it was in the court below that by the *Mullens* accepting with full knowledge and subsequently recording the ·warranty deed to them containing the clause "subject to a mortgage of $1,130," they thereby so recognized the obligation of such apparent lien upon the premises as to now be a bar to their asserting its invalidity as against their own title.

We think this point, however, is controlled by the decision of this court in the case of *Bennett v. Keehn,* 67 Wis. 154, 162, 29 N. W. 207, 30. N. W. 112, where the words used were "except a mortgage," instead of the phrase, as here, "subject to a mortgage;" the language there used

being held not enough to prevent a grantee of the land from making a defense to such mortgage in the absence of a showing that there was an agreement on the part of the grantee that the mortgage should be paid as a part of the purchase price, and holding further that such an exception in a deed in the covenant against incumbrances is mere notice to the grantee of the existence of such mortgage, and therefore not the basis for any action for breach of the covenant against incumbrances, and no more.

As to the effect of such clause as notice, the same rule has been held in *Reichert v. Neuser,* 93 Wis. 513, 517, 67 N. W. 939; *Perkins v. Best,* 94 Wis. 168, 175, 68 N. W. 762. The effect of such a clause, the payment of such mortgage being no part of the consideration between vendor and vendee, does not lessen the estate passing by the other terms of the deed. *Welbon v. Welbon,* 109 Mich. 356, 67 N. W. 338; L. R. A. 1917C, note p. 833. The fee passed by the deed, and not a mere equity of redemption.

The case of *Bennett v. Keehn, supra,* on the point here has been repeatedly cited with approval in other jurisdictions. *Sandwich Mfg. Co. v. Zellmer,* 48 Minn. 408, 51 N. W. 379, 381; *Smith v. Hogue,* 19 N. Dak. 337, 123 N. W. 827; *Stough v. Badger L. Co.* 70 Kan. 713, 79 Pac. 737.

It is further contended by plaintiff that the defendants *Mullen* taking possession of the house in the making of which were the materials for which the plaintiff's assignor had a claim for lien, and with full knowledge of such facts, the premises should be charged as against them with at least so much of the mortgage sought to be foreclosed as includes such claim for material.

The plaintiff's assignor, however, by his filing of his claim for lien and by limiting it to one acre instead of the larger amount to which he may have been entitled under the statute, evidently waived it as to any additional property than the one acre. By accepting a mortgage securing a

promissory note which extended the payment of this indebtedness for the amount claimed as a lien to a period beyond that which the statute prescribed for the commencement of an action to foreclose his lien, and by including other indebtedness than that for the amount of the mortgage, he thereby waived any subsequent right to assert his lien under the statute. *Flenniken v. Liscoe,* 64 Minn. 269, 66 N. W. 979; *Westinghouse A. B. Co. v. K. C. S. R. Co.* 137 Fed. 26, 71 C. C. A. 1, 2.

This holding is not affected by the section found in the mechanic's lien law (sec. 3317, Stats.) providing that "the taking of a promissory note or other evidence of indebtedness for any such work, labor or materials done or furnished shall not discharge the lien therefor hereby given unless expressly received as payment therefor and so specified therein." This statute has been repeatedly construed and always as referring to the taking of such a promissory note as falls due within the time within which the action to foreclose the lien could be commenced. *Bailey v. Hull,* 11 Wis. 289; *Schmidt v. Gilson,* 14 Wis. 514; *Thien v. Brand,* 142 Wis. 85, 86, 124 N. W. 999. See, also, 27 Cyc. 269.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint as to the defendants *Mullen,* and with directions to enter judgment against those personally liable.

A motion for a rehearing was denied, with $25 costs, on January 13, 1920.