LAEV LUMBER COMPANY vs. AUER and another, Appellants, and D. K. JEFFRIS LUMBER COMPANY, Respondent.

*October 20—November 15, 1904.*

*Appeal: Findings by referee: Mechanics' liens: Lien of subcontractor: Notice to owner: Service: Sufficiency: Statutes.*

1. It is not error to confirm the findings of a referee where they are supported by the evidence.
2. The notice required by the statute to be served upon the owner by one who claims a mechanic's lien as a subcontractor, where the owner is out of the state, is *held* properly served upon one who attended to the owner's business in his absence, and who had authority to represent him in transactions pertaining to his business affairs.
3. Under sec. 3315, Stats. 1898, a notice by a subcontractor to the owner, setting forth that the subcontractor was employed to furnish, and did furnish, material as specified, for the erection and construction of the building, with the amount due from the principal contractor, fulfills the requirements of the statutes. It is not necessary that the notice should state that, at the time of the sale to the principal contractor, it was agreed that the material was furnished to be used "for or in or about" the erection or construction of the building. MAR-SHALL, J., dissents.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

An action to enforce a lien for material furnished by plaintiff in the construction and erection of houses for the defendant *Louis Auer.* The cause was referred, and the referee found the following facts:

The defendant *D. K. Jeffris Lumber Company* is a duly organized corporation of this state, dealing in lumber. The defendant *Louis Auer* was at the time of these transactions the owner of the real estate described in the pleadings, and situated in the city of Milwaukee. On or about March 1, 1897, he entered into a contract with one John Ryan, a contractor and builder, for the erection and construction of the houses described in the referee's report. The *D. K. Jeffris Lumber Company* sold and delivered to John Ryan lumber and shingles of the value of $212.45. This lumber was sold by the *D. K. Jeffris Lumber Company* to be used and it was used by the defendant John Ryan for, in, and about the erection and construction of the buildings for the defendant *Louis Auer* on the real estate above referred to. The last charge for this material was April 15, 1897. On June 12, 1897, the *D. K. Jeffris Lumber Company* gave notice to *Louis Auer* and the *United States Fidelity & Guaranty Company,* claiming a subcontractor's lien, by serving on them the following notice:

"To *Mr. Louis Auer* and the *United States Fidelity & Guaranty Company*—

"GENTLEMEN: You will please take notice that the undersigned, the *D. K. Jeffris Lumber Company,* a corporation duly organized and existing under and by virtue of the laws of the state of Wisconsin, was employed by John Ryan, doing business under the name of the John Ryan Lumber Company at the city of Milwaukee, Wisconsin, to furnish lumber and materials as set forth in the annexed statement of account marked 'Exhibit A' at the prices therein set forth; that no part thereof has been paid, but there is still due thereon from said John Ryan to the *D. K. Jeffris Lumber*

*Company* the sum of Two Hundred and Forty-Four Dollars
and twenty-five cents ($244.25) ; that said lumber and ma-
terials were purchased by said Ryan on the 15th day of
April, 1897, were intended by him to be used and were act-
ually used in and about the erection and construction of your
five dwelling houses and two flats situated in the city of Mil-
waukee, county of Milwaukee and state of Wisconsin, in the
Sixteenth Ward, on land in the Southwest Quarter of Sec-
tion thirty (30) in Block bounded on the North by Grand
avenue, on the east by Twenty-fifth street, on the South by
Sycamore street, and on the West by Twenty-sixth street,
more particularly described as follows, to wit: In Block One
(1) Cross and Ludington's Addition the South Sixty-seven
(67) feet of the North Two Hundred Seventeen (217) feet
of the East One Hundred Fifty-one and sixty-six hundredths
(151.66) feet and the East One Hundred Twenty (120) feet
of the South One Hundred Thirty (130) feet, being part of
the present Lots Eleven, (11) Twelve (12) and Fourteen
(14), and all of Lots Thirteen (13), Twenty-one (21),
Twenty-two (22), Twenty-three (23), and Twenty-four
(24), in said Block One (1).

"Please take further notice that the said *D. K. Jeffris
Lumber Company,* the undersigned, hereby claims a lien
upon said dwelling houses and flats and the lots upon which
the same are situated for the lumber and materials furnished,
in accordance with chapter 143 of the Revised Statutes of
the State of Wisconsin and the acts amendatory thereof, and
upon all the right, title and interest which you had in said
lands upon which said houses are situated at the time said
lumber and materials were furnished and delivered to
the amount of Two Hundred and Forty-four Dollars and
Twenty-five cents ($244.25) as aforesaid.

"Dated Milwaukee, June 12th, A. D. 1897.
          "Yours respectfully,
                    "D. K. JEFFRIS LUMBER COMPANY,
                    "By STARK & HANSEN, Its Attorneys."

Giving amount due therefor, with attached statement,
properly signed.

The *D. K. Jeffris Lumber Company* filed its claim for lien
July 16, 1897, on the property, and brought this action with-

in due time to recover the amount due and to establish their lien.

Upon the confirmation of the referee's report by the court, judgment was awarded for the amount due, and a foreclosure and sale of all of defendant's interest in so much of the property as might be found necessary to satisfy the judgment. This is an appeal from the judgment by the defendant *Louis Auer,* owner of the property, and by the defendant the *United States Fidelity & Guaranty Company,* the surety of the principal contractor to protect the owner against mechanics' liens.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Fawsett,* and oral argument by *F. H. Remington.*

*Otto R. Hansen,* for the respondent

SIEBECKER, J.    It is contended the court erred in confirming the finding of the referee to the effect that the material furnished by the *D. K. Jeffris Lumber Company* was sold and delivered to be used by the principal contractor for, in, and about the erection and construction of the several buildings of the defendant *Louis Auer.* Upon examination of the proof, we find that this finding is supported by the evidence of the salesman, Mr. Brink, who was in the employ of the lumber company, and made the sale of the material to Mr. Ryan, the principal contractor.   He testified that the sale of the material was made by him upon bills presented by the contractor, specifying the materials required in the construction of these buildings, and furthermore that the lumber was sold and delivered for that purpose.   It is not questioned but that the material was in fact used for, in, and about the erection and construction of the buildings owned by the defendant *Louis Auer.*

It is urged that the referee erred in the finding, approved by the court, that the *D. K. Jeffris Lumber Company* made claim for a materialman's lien by giving notice in writing,

as required by the statute, to the owner of the buildings, that
it had been employed by the principal contractor to furnish
and that it did furnish him materials, with a statement of the
material furnished, and the amount due therefor from the
principal contractor.   This finding is first assailed upon the
ground that no proof of the proper service of this notice upon
the owner was made. ˙ The statute provides that such service
may be made upon the owner or his agent, if to be found in
the county where the property is situated, and, if neither can
be found therein, by filing the notice in the office of the clerk
of the circuit court of such county.   The notice was served
upon Mr. Fehr, then in the employ of the owner, who was
out of the state.   It appears that Fehr attended to the busi-
ness of *Mr. Auer*·in his absence, and had authority to repre-
sent him in transactions pertaining to his business affairs.
These circumstances, as established by the evidence, clearly
show service of this notice upon the owner's agent.   .

It is contended further that the written notice served is
insufficient, under the requirements of the statute.   Appel-
lants argue that this notice should state that at the time of the
sale of this material to the principal contractor it was agreed
that the material was furnished to be used "for or in or
about" the erection or construction of the buildings.   The
statute (sec. 3315, Stats. 1898) provides that a subcontractor
of a principal contractor, furnishing any material to such
principal contractor, "in any of the cases mentioned in the
preceding section shall be entitled to the lien and remedy
given by this chapter; if within sixty days after  .  .  .
furnishing such materials, he shall give notice in writing
.  .  .  setting forth that he has been employed by such
principal contractor  .  .  .  to  .  .  .  furnish and has
.  .  .  furnished such  .  .  .  material," etc.   The
words "such material" manifestly refer to material fur-
nished under the circumstances and conditions of the preced-
ing section, giving a lien to the principal contractors for ma-

terial furnished to be used "for or in or about" the erection
or construction of buildings. It is apparent that no such lien
can be maintained unless the material so furnished was used
"for or in or about" the erection or construction of the build-
ing. Does the statute, however, require these conditions of
the sale and delivery of the materials so furnished to be set
forth in the notice? The statute requires that the notice shall
set forth that he has been employed by the principal con-
tractor to furnish and that he has furnished such material,
with a statement of the material furnished, and the amount
due therefor from the principal contractor, and that he claims
the lien given by the chapter. The requirement that the sub-
contractor shall set forth in the notice that he has been em-
ployed to furnish and has furnished such material does not
import that the purposes and conditions of the sale and deliv-
ery of the material to the principal contractor shall be set out
in the notice. If it sets forth the facts that he was employed
to furnish and that he did furnish material as specified for
the erection and construction of the building, with the amount
due from the principal contractor, the terms and conditions
of the statute are fulfilled. The purposes of this statute are
twofold—first, to secure payment to persons who furnish ma-
terial or perform labor upon the structures therein mentioned;
and, second, to apprise the owner that a claim therefor is
made for the amount due for such labor or material. These
purposes are fulfilled by a notice setting forth the facts as
above stated. We find no express requirement in the lan-
guage of the statute that the terms and conditions of furnish-
ing the material to the principal contractor should be set out
in the notice for a claim for a lien, and we find that the ob-
jects of the statute are fully accomplished by a notice for a
claim of a lien setting forth that the claimant was employed
by the principal contractor to furnish and that he did fur-
nish material as specified for the erection and construction
of the building. The notice given by the *D. K. Jeffris Lum-*

*ber Company* meets these requirements, and is sufficient under the statute.

We find no errors in the record, and must affirm the judgment.

*By the Court.*—The judgment is affirmed.

MARSHALL, J. I am unable to agree with my brethren as to the sufficiency of the notice served upon the proprietor of the building. That grows out of inability to agree with them as to the meaning of sec. 3315, Stats. 1898.

It is conceded as to the facts of this case that:

(1) Sec. 3314 made it a condition precedent of the right of the principal contractor to acquire a lien upon a building for material furnished to the proprietor thereof that such material shall be furnished "for or in or about the erection, construction, repair," etc., "thereof."

(2) A subcontractor can only acquire a lien, where, if the material were furnished by the principal contractor, he might do so.

(3) The lien petition in either case must necessarily show that the materials were furnished as specified in sec. 3314.

(4) It is a condition precedent to the right of a subcontractor to acquire a lien that he shall have complied with sec. 3315, as to giving notice to the proprietor of the building, and that it is essential to such notice that it contains all the features indicated by such section.

(5) The notice given by the subcontractor in this case did not inform the proprietor of the purpose for which the material was furnished;—that it did no more than to inform him that the respondents sold the material mentioned to the principal contractor, and that the latter intended to use the same in or upon the building in question, and that the same was so used; and that the subcontractor claimed a lien upon such building under ch. 143, Stats. 1898. All of which might be true and the respondent, at the time of the sale of the mate-

rial, have had no idea whatever as to what use the purchaser intended to put the same to, much less that the seller furnished such material on the faith of any prospective use thereof.

It is held here that sec. 3315, aforesaid, only requires the notice to show that the subcontractor furnished the principal contractor material of a lienable kind, the agreed price therefor, the amount due for the same and that the former claims a lien for such amount upon the building specified, under ch. 143 of the statutes;—that the notice is good though it be entirely silent as to whether the material was furnished on the faith of the building or not. I cannot agree to that. To me the statute reads plainly otherwise.

Section 3314, aforesaid, so far as material to the matter under discussion, reads this way:

"Every person who   .   .   .   as principal contractor .   .   .   furnishes any materials   .   .   .   for or in or about the erection, construction, repair," etc., ".   .   .   of any dwelling house,   .   .   .   shall have a lien thereupon," etc.

Sec. 3315, aforesaid, so far as it concerns this case, reads this way:

"Every person who, as subcontractor of a principal contractor   .   .   .   furnishes any materials   .   .   .   in any of the cases mentioned in the preceding section may have the lien and remedy given by this chapter if, within sixty days after   .   .   .   furnishing such materials, he shall give notice in writing to the owner, or his agent, of the property to be affected by such lien   .   .   .   setting forth that he has been employed by such principal contractor   .   .   .   to furnish or has furnished, *such*   .   .   .   *material,* with a statement of   .   .   .   the materials furnished, the amount due therefor from such principal contractor   .   .   .   and that he claims the lien given by this chapter."

Is it not perfectly plain that the words *"in any of the cases mentioned in the preceding section"* refer to that part of sec. 3314 above quoted? Again, is it not perfectly plain that the words "to furnish, or furnished such material" refer to the preceding words "in any of the cases," etc., and refer thence

to the aforesaid feature of sec. 3314? I cannot escape the conclusion that it is. If I am right, then the true meaning of the section can readily be made unmistakable by interpolating into it in place of "in the cases mentioned in the preceding section" the antecedent thereof, and in place of *"been employed by such principal contractor to furnish, or has furnished such materials"* that which such words relate to, thus:

"Every person who, as a subcontractor of a principal contractor . . . *furnishes any materials for or in or about the erection, construction,* etc., *"of any dwelling house,"* etc., "may have the lien given by this chapter if, within sixty days after furnishing such materials, he shall give notice in writing to the owner, or his agent, of the property to be affected by such lien . . . setting forth that he has . . . *furnished materials for or in or about the erection, construction, repair,"* etc., . . . *of any dwelling house,* with a statement of the . . . materials furnished, the amount due therefor from such principal contractor . . . and that he claims the lien given by this chapter."

I am unable to see why my process of reasoning is not legitimate and perfectly logical and this result inevitable: the notice in this case was clearly insufficient, and the judgment appealed from should be reversed.