CHANDLER LUMBER COMPANY, Respondent, vs. FEHLAU,
imp., Appellant.

*September 30—December 15, 1908.*

*Mechanics' liens: Notice by subcontractor: Sufficiency: Description
of material: Designation of amount due.*

1. A compliance with the provisions of sec. 3315, Stats. (1898), is
   a condition precedent to the right of lien by a subcontractor,
   and it is essential that the notice provided for therein contain
   all the features indicated by that section.

2. A statement in the notice given by a subcontractor claiming a
lien under sec. 3315, Stats. (1898): "Materials furnished: Lumber and mill work to the value of $1,100," while meager and not
to be commended, is *held* to be a compliance with that section.

3. A clause in the notice, "that the undersigned has furnished such
materials, pursuant to such employment, to the amount and
value of $1,100," does not satisfy the call of sec. 3315, Stats.
(1898), which in express terms requires the notice to state the
amount due. Such requirement cannot be supplied by inference.

APPEAL from an order of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is an appeal from an order overruling the demurrer
of the appellant to the plaintiff's complaint. The action was
brought to foreclose a lien claimed by respondent, *Chandler
Lumber Company,* for lumber and mill work to the value
of $1,100 alleged to have been furnished by it to the defendant H. Schutte, principal contractor, for the construction of a dwelling house for appellant.

For the appellant there was a brief by *Gilbert, Jackson &
Ela,* and oral argument by *Russell Jackson.*

For the respondent there was a brief by *Bashford, Aylward & Spensley,* and oral argument by *R. M. Bashford.*

The following opinion was filed October 20, 1908:

KERWIN, J. The only question for consideration upon
this appeal is the sufficiency of the notice of lien involved,
which is as follows:

"Notice is hereby given to *Gustav Fehlau,* the owner of
the property to be affected by the lien herein mentioned,
that the undersigned, the *Chandler Lumber Company,* a corporation organized and existing under the laws of the state
of Illinois, with its principal place of business in the city
of Chicago, Illinois, subcontractor of H. Schutte, principal
contractor, for furnishing the materials hereinafter mentioned, claim the lien given by chapter 143 of the Revised
Statutes of Wisconsin, and the acts amendatory thereof,

upon the premises and lands hereinafter particularly described and upon the dwelling house thereon situate. ' That the undersigned was employed by said H. Schutte, contractor, to furnish the materials, hereafter particularly stated, upon the property hereinafter described, and the dwelling house situated thereon. That the undersigned·has furnished such materials, pursuant to such employment, to the amount and value of eleven hundred ($1,100) dollars, upon the said property and dwelling house situated thereon. That the following is a particular statement of said materials furnished by the undersigned, pursuant to such employment, to the value of:

"Materials Furnished.—Lumber and mill work to the value of eleven hundred dollars.

"The property to be affected by said lien is described as follows, to wit: lot seven (7) in block ten (10) in Hudson Park ·in the· town of Blooming Grove, according to the recorded plat thereof, all in the county of Dane and state of Wisconsin."

The appellant contends that the notice is deficient and not in substantial compliance with the· statute, for the reasons (1) that it does not contain a sufficient statement of the material alleged to have been furnished; and (2) that it fails to state the amount due plaintiff from Schutte, the principal contractor. Sec. 3315, Stats. (1898), requires the person furnishing the material to the contractor to give notice in writing to the owner, setting forth, among other things, "a statement of the labor performed or the materials furnished, the amount due therefor from such principal contractor." This court has held that compliance with this section of the statute is a condition precedent to the right of lien by a subcontractor, and that it is essential to the notice provided for that it "contain all the features indicated by such section." *Laev L. Co. v. Auer,* 123 Wis. 178, 101 N. W. 425; *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74. It is insisted by appellant that the "statement" mentioned in the statute means a reasonable bill of items, and a long line

of authorities is cited in support of this contention. Many of these cases are based upon statutes quite different from our own, and, while some of them tend to support appellant's contention, others may be found, some of which are cited by respondent, which give a more liberal construction to such statutes. The object of the notice required by our statute to be given by the subcontractor is to enable the owner to protect himself by withholding the amount claimed from the principal contractor. *Mark Paine L. Co. v. Douglas Co. Imp. Co.* 94 Wis. 322, 324, 68 N. W. 1013. A general statement of the material furnished has been held sufficient. *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *Brooks v. Railway Co.* 101 U. S. 443. While we think the statement of materials furnished is meager and not to be commended, we cannot say that it is not a compliance with the statute requiring a statement of the materials furnished.

Upon the second point of objection to the notice, however, we have had much trouble. The statute in express terms requires the notice to state the amount due. There is no express statement in the notice that any amount is due. In *Laev L. Co. v. Auer, supra,* this court seems to have recognized the necessity of stating in the notice the amount due. The court said:

"If it sets forth the facts that he was employed to furnish, and that he did furnish, material as specified for the erection and construction of the building, with the amount due from the principal contractor, the terms and conditions of the statute are fulfilled. The purposes of this statute are twofold: First, to secure payment to persons who furnish material or perform labor upon the structures therein mentioned; and second, to apprise the owner that a claim therefor is made for the amount due for such labor or material."

And in *Security Nat. Bank v. St. Croix P. Co., supra,* it is said that "unless a notice containing the statutory requirements was served . . . the lien was lost." The clause

in the notice "that the undersigned has furnished such mate-
rials, pursuant to such employment, to the amount and value
of eleven hundred dollars" cannot be said to satisfy the call
of the statute, which in plain and unambiguous terms re-
quires the amount due to be stated. This requirement can-
not be supplied by inference. *Freeman v. Rinaker,* 185
Ill. 172, 56 N. E. 1055. It follows, therefore, that the
notice was not in compliance with the statute, hence the
order appealed from must be reversed.

*By the Court.*—The order appealed from is reversed, and
the action remanded for further proceedings according to
law.

A motion for a rehearing was denied December 15, 1908.