W. H. PIPKORN COMPANY, Respondent, vs. EVANGELICAL
LUTHERAN ST. JACOBI SOCIETY OF THE CITY OF MIL-
WAUKEE, Appellant, and others, imp., Respondents.

*December 8, 1910—January 10, 1911.*

*Liens: Subcontractors: Application of payments: Notice and claim:
Sufficiency: Amount due: Misnomer of owner: Appeal: Findings.*

1. The general rule that, where a debtor makes a voluntary payment
   to a creditor who has several claims against him and fails to
   direct where such payment shall be applied, the creditor has a
   right to apply the same on any of the claims, governs a payment
   made by a contractor to a materialman who had furnished ma-
   terials to him on several different jobs, as against a property
   owner from whom the contractor had received the money so
   paid.

2. A notice of subcontractor's lien sufficiently complies with sec. 3315,
   Stats. (1898), in respect to stating the *amount due* where it
   states the total amount of the bill and the amount paid thereon,
   the balance due being necessarily inferable from the facts
   stated. *Chandler L. Co. v. Fehlau*, 137 Wis. 204, distinguished.

3. A notice of subcontractor's lien directed to "St. Jacobi Congrega-
   tion," etc., but properly served upon the real owner, "Evangeli-
   cal Lutheran St. Jacobi Society," etc., is sufficient, the statute
   (sec. 3315, Stats. 1898) not requiring that the notice be *directed*
   to the owner, but merely that it shall be *given* to the owner and
   shall contain certain particulars.

4. Where the complaint of a subcontractor alleges that a claim for
   a lien was duly filed which contained the name of the person
   against whom the demand was claimed, a finding of that fact
   by the trial court will not be disturbed on appeal where the rec-
   ord shows that the claim for lien filed in the clerk's office was
   received in evidence without objection and the certificate to the
   bill of exceptions shows the loss of some of the exhibits, al-
   though the owner's name was not correctly given in the copy of
   the claim annexed to the complaint and it does not appear that
   any amendment was asked for or allowed.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff, a furnisher of

building materials, to foreclose a mechanic's lien upon the property of defendant *Evangelical Lutheran St. Jacobi Society of the City of Milwaukee.* The contractor, William Stoll, and also the *United States Gypsum Company, Herman Mettelmann,* and *Maxwell, Forbes & Stillman Company,* who furnished materials, were impleaded as defendants. The court awarded judgment in favor of the plaintiff and against the contractor, William Stoll, for the amount found due, also gave judgment against said William Stoll, contractor, for the amount found due the other impleaded defendants respectively, and awarded a lien upon the property of defendant for the several amounts and judgment of foreclosure and sale of the property according to the statute. The defendant *Evangelical Lutheran St. Jacobi Society* appealed.

For the appellant the cause was submitted on the brief of *Lorenz & Lorenz.*

For the respondent *W. H. Pipkorn Company* there was a brief by *James T. Drought;* for the respondent *Mettelmann* a brief by *Reukema & Lemke;* for the respondent *Maxwell, Forbes & Stillman Company* a brief by *Miller, Mack & Fairchild;* for the respondent *United States Gypsum Company* a brief by *Winkler, Flanders, Bottum & Fawsett;* and the cause was argued orally by *Mr. Drought, Mr. W. F. Adams,* and *Mr. Charles E. Wild.*

KERWIN, J. The findings of fact below are attacked on this appeal. The plaintiff was a furnisher of building materials and the defendant Stoll a contractor, and at the time he purchased the materials from the plaintiff which went into the building of the appellant he had seven jobs on hand besides the appellant's for which he bought materials from the plaintiff.

The eighth finding of fact, which among other things finds the amount due the plaintiff, is attacked as not being supported by the evidence, and this contention is based upon the

10]          JANUARY TERM, 1911.          503

W. H. Pipkorn Co. v. Evangelical L. St. Jacobi Society, 144 Wis. 501.

alleged failure of the plaintiff to credit the appellant with two amounts, one of $200 and the other of $150. These amounts were paid to plaintiff by Stoll and applied upon claims which the plaintiff had against him on account of material furnished him for other jobs, and the contention in this regard is whether or not plaintiff was justified in so applying the payments. It appears from the evidence that no application of these amounts was made by the appellant and that plaintiff applied them on other indebtedness against Stoll for building materials which were furnished him and used in other buildings. So the question is one of application of payments. The general rule is well settled that, where a debtor makes a voluntary payment to a creditor who has several claims against him and fails to direct application of the payment on any of the claims, the creditor has the right to apply the payment to any of the claims which he has against the debtor. *North v. La Flesh,* 73 Wis. 520, 41 N. W. 633; *Coxe Bros. & Co. v. Milbrath,* 110 Wis. 499, 86 N. W. 174.

There is ample evidence to support the findings that the amounts before referred to were applied by the plaintiff as found by the court, therefore the eighth finding is supported by sufficient evidence. Whether under the facts of this case the court below would not have been justified in making the application as made in the absence of application by the plaintiff we need not decide, because we are satisfied that there is sufficient evidence to support the finding that such application was made by plaintiff. What has heretofore been said respecting the rule of application of payments applies to the contention of appellant that the judgment in favor of the *United States Gypsum Company* should be reversed. The question is one of application of payment, namely, whether two items of payment made by defendant Stoll to the *Gypsum Company* and which were applied to extinguish Stoll's indebtedness to that company on account of jobs other than appellant's were properly applied. There is ample evidence to

support the findings below upholding the judgment in favor of the *United States Gypsum Company.*

Regarding the respondent *Maxwell, Forbes & Stillman Company* it is insisted that the judgment should be reversed on the ground that no sufficient notice of subcontractors' lien was served upon the appellant. The objection made is that the statute (sec. 3315, Stats. 1898) was not complied with, in that the amount due was not stated in the notice, and *Chandler L. Co. v. Fehlau,* 137 Wis. 204, 117 N. W. 1057, is relied upon by appellant. The *Chandler Case,* we think, is distinguishable from the instant case. In that case there was no statement of the amount paid or the amount due, while in the present case the amount of the bill is stated and the amount paid. So the amount due is necessarily inferable from the facts stated. We think the notice was sufficient. *Laev L. Co. v. Auer,* 123 Wis. 178, 101 N. W. 425; *Hausmann Bros. Mfg. Co. v. Kempfert,* 93 Wis. 587, 67 N. W. 1136; *West Allis L. Co. v. Wiesenthal,* 141 Wis. 460, 124 N. W. 498.

It is claimed that the judgment in favor of respondent *Herman Mettelmann* should be reversed because *Mettelmann* failed to serve proper notice of lien, in that his notice was directed to "St. Jacobi Congregation (a corporation) of Milwaukee, county of Milwaukee and said state," whereas it should have been directed to the appellant by its proper name, *Evangelical Lutheran St. Jacobi Society of the City of Milwaukee;* and further that in the claim for lien filed the appellant is described the same as in the notice, by a wrong name.

It will be observed upon examination of secs. 3315 and 3320, Stats. (1898), that sec. 3315, respecting the notice, does not require the notice to be directed to the owner, merely that the notice shall be given to the owner, and provides what the notice shall contain, namely, "that he has been employed by

such principal contractor or subcontractor to perform or furnish, and has performed or furnished, such work, labor or material, with a statement of the labor performed or the materials furnished, the amount due therefor from such principal contractor or subcontractor, and that he claims the lien given by this chapter."

It is true sec. 3320 requires the name of the person against whom the demand is made to be stated in the claim for lien, but it also provides that the claim for lien may be amended as pleadings may be. The cross-complaint alleges that *Mettelmann* gave due notice to appellant, and further alleges that he duly filed his claim for a lien, and that such claim so filed contained the name of the person against whom the claim was made, and that notice of the claim for mechanic's lien was given "by delivering the same to Gottlieb Oestrich, president of the *Evangelical Lutheran St. Jacobi Society of the City of Milwaukee,* and leaving the same with him." So it will be seen that the allegations of the cross-complaint are sufficient to show service of the notice on the appellant, and that a claim for lien was duly filed which contained the name of the person against whom the demand was claimed. The court below found these facts in favor of *Mettelmann,* but it is said the findings are not supported by the evidence. Upon the record before us we cannot say that the findings are not supported by the evidence. It appears from the record that the claim for lien filed in the office of the clerk of the court by *Mettelmann* against the appellant was put in evidence without objection. Also notice of subcontractor's lien with affidavit of service was offered and received without objection. It also appears from the certificate to the bill of exceptions that certain exhibits put in evidence are not in the bill of exceptions because they had been lost and could not be found. A point is also made under this head respecting application of payment, but we think the findings as to amount due are sup-

ported by the evidence, and the application of payment was properly made under the rule heretofore stated. From what has been said it follows that the judgment of the court below must be affirmed.

*By the Court.*—The judgment is affirmed.