CARL MILLER LUMBER COMPANY, Respondent, vs. ELFERS and others, imp., Appellants.

*October 6—October 24, 1916.*

*Mechanics' liens: Notice of claim: Sufficiency: Statement of materials furnished.*

1. The right to a lien given by sec. 3315, Stats. 1911, was lost if the notice of claim of lien given pursuant to that section failed to comply with the statutory requirements.
2. A notice of claim of lien which recited that the claimant was a lumber dealer, but contained no statement as to what materials were furnished by it, was not a sufficient compliance with sec. 3315, Stats. 1911.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.  *Reversed.*

The appeal is from a judgment of foreclosure of a mechanic's lien in favor of plaintiff and against the defendants.

The plaintiff and respondent, a corporation engaged in business as lumber dealers in the city of Milwaukee, Wisconsin, delivered to the defendant Alfred Hoffmeister, a contractor, certain lumber of the value of $948.67.   The lumber was used by the contractor in the repairing and construction of a flat building and cottage on premises owned by the defendant *Mary Elfers*.   Work on the building was commenced in June and completed in October, 1911.   The last date of the delivery of the lumber was September 1, 1911.   On July 24th the plaintiff signed and delivered to the defendant Hoffmeister a writing as follows:

*"To whom it may concern:* On receipt of eight hundred dollars, we, the undersigned, hereby waive all rights and claims of a mechanic's lien for lumber furnished to the order of A. Hoffmeister for the erection and construction of a certain two-story frame flat building situated on Holton street between Wright and Clarke street."

This was taken by the defendant Hoffmeister, delivered to the defendant *Elfers,* and a payment made by her to the contractor.   Nothing was paid to the plaintiff at the time of the signing of this writing and no payments made to it on this account except two instalments of $100 each on July 29th and August 22d.

On October 19, 1911, the plaintiff served a notice of claim of lien upon the defendants, the substantial parts of which are as follows:

*"August Elfers and Mary Elfers, his wife.*

"Sir: You will please take notice that the undersigned, *Carl Miller Lumber Company,* a corporation . . . doing business in the city of Milwaukee, Wisconsin, as lumber dealers, has been employed by Alf. Hoffmeister, a contractor doing business in said city, for the following purpose, to wit:

for the erection and construction of a certain two-story frame flat building situated on the following described real estate in the county of Milwaukee, state of Wisconsin, to wit: [then follows description]; which said work was done for you and materials furnished on said property, under a certain contract entered into by and between you and said contractor, Alf. Hoffmeister, and such work and labor were performed and materials furnished on and between the 8th day of June, 1911, and the 1st day of September, 1911, both days inclusive, at and for the agreed price of $948.67, and which said work and labor and materials were actually used in, upon and for the erection and construction of said building, under said contract, between you .and the said contractor, Alf. Hoffmeister.

"That the last day on which such work and labor were performed and materials furnished was on the 1st day of September, 1911; and that said contractor, Alf. Hoffmeister, is indebted to the undersigned for the performance of said work and labor and the delivery of said materials in the sum of nine hundred forty-eight 67/100 dollars, of which no part has been paid except July 29 by cash $100, August 22 by cash $100, leaving the amount of $748.67 and interest from October 19, 1911, due the undersigned, and that all of said work and labor was performed and materials furnished by the undersigned as subcontractor under said contractor, Alf. Hoffmeister.

"Wherefore the undersigned claims the benefit of the lien given and granted to us by chapter 143 of the Revised Statutes of 1878 of the state of Wisconsin, and the several acts amendatory thereof and pursuant to the law in such case made and provided, for the amount herein stated due the undersigned."

This amount being unpaid, suit was commenced against the parties hereto by the plaintiff and a copy of the notice was attached to and made a part of the complaint, a demurrer was interposed, and the question of the sufficiency of the notice was raised on that demurrer. The demurrer was overruled. More than a year elapsed from such proceeding before the trial and no appeal was taken therefrom. Upon the trial a

demurrer *ore tenus* was interposed to the complaint and over-ruled.    Judgment was entered in favor of the plaintiff for the amount claimed, declaring the same to be a lien on the property of the defendant *Elfers,* from which judgment this appeal is taken.

*O. W. Bow,* for the appellants.

*F. X. Boden,* for the respondent.

ESCHWEILER, J.    It is contended by defendants that the notice of claim of lien by the plaintiff was insufficient under the calls of the statute to give to it a right of lien, and that in any event the writing signed by the plaintiff on July 24th, set out at length in the statement of facts, should be considered a waiver of any rights the plaintiff may have had against the real estate of the defendant *Mary Elfers.*

Sec. 3315, Stats. 1911, which was in effect at the time the materials were furnished by the plaintiff, provided that such materialman or subcontractor should, within sixty days after doing the work or labor or furnishing the materials, give notice in writing setting forth that he has been employed by the principal contractor to perform or furnish and has performed or furnished work, labor, or material, with a statement of the labor performed or the materials furnished, the amount due therefor from such principal contractor, and that he claims a lien, etc.

The provision that now appears in the same section to the effect that in the event that any owner shall complain of the insufficiency of such notice the burden of proof shall be upon him to show that he has been misled or deceived by such insufficiency thereof, first appeared by ch. 213, Laws 1913. The construction, therefore, given to this notice must be upon the law as it stood in the Statutes of 1911.    Under that statute the right of the lien was lost unless the notice contained the statutory requirements.    *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 220, 94 N. W. 74.

In the notice before us there is no statement of what materials were furnished by plaintiff. The recital in the notice that plaintiff is a lumber dealer and the fact appearing in the evidence that lumber was furnished are not sufficient to make this a valid notice. *Chandler L. Co. v. Fehlau,* 137 Wis. 204, 208, 117 N. W. 1057.

There being a failure of proper notice, no judgment for lien could be entered. This disposition of the case makes it unnecessary to consider whether there was a waiver of lien by the writing of July 24, 1911.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.